UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CR609-068 |
| NATASHA STEPTOE | ) | |

## ORDER

Natasha Steptoe was convicted of conspiracy to commit bank fraud, sentenced to twenty months' imprisonment, and ordered to pay $340,297.54 in restitution. She now moves to modify that restitution order. Doc. 323. She contends that upon her release[1] she will be unable to afford the $300 per month restitution payments because she lost her house, car, and job as a result of her sentence. *Id.* at 2. Opposing, the government argues that Steptoe has not shown a material change in her economic circumstances from the time of sentencing, so the Court lacks authority to modify her restitution repayment terms. *See* doc. 326 at 2-3 (citing 18 U.S.C. § 3664(k)). The government is correct.

Restitution orders mandate that defendants "notify the court and the Attorney General of any *material change* in the defendant's economic

---

[1] Steptoe filed this motion in January 2015. Doc. 323. Her release date at that time was May 17, 2015, *see id.* at 2, and the Federal Bureau of Prisons Inmate Locator confirms that she is no longer in custody. *See* http://www.bop.gov/inmateloc/ (last accessed October 14, 2015).

circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k) (emphasis added). The Attorney General must then certify to the Court that the victims have been "notified of the change in circumstances." *Id.* Only after receipt of that notice may the court "adjust the payment schedule . . . as the interests of justice require." *Id.*[2]

Steptoe's motion fails for two reasons. First, she's shown no "material change" in her economic circumstances sufficient to make modification available under § 3664(k). Change in this context is measured based on a defendant's economic condition at the time restitution is imposed (which itself usually is at sentencing). *See Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (modification of restitution order denied where inmate showed no change in economic circumstances "since the imposition of his sentence").[3] Steptoe's unsworn motion alludes to a change in her current condition from that at the time of

---

[2] Otherwise final restitution orders may be modified via other procedural mechanisms in situations not present here. *See* 18 U.S.C. § 3664(o)(1) (restitution orders are final judgments that can subsequently be corrected under Fed. R. Crim P. 35; appealed and modified under 18 U.S.C. § 3742; amended under § 3664(d)(5) if the victim discovers additional losses within 60 days of sentencing; adjusted under § 3572, which allows for fine modifications upon government motion, or adjusted under §3613A, which permits courts to modify restitution repayment schedules in lieu of revoking supervised release when a defendant defaults on his or her payment obligations).

[3] *See also* 18 U.S.C. § 3664(f)(1)(B)(2)(A)-(C) (courts must consider the defendant's financial condition and obligations in determining the manner and schedule according to which restitution is paid); *id.* at (f)(1)(B)(3)(A) (courts may order nominal periodic payments if a defendant's economic circumstances at the time of sentencing "do not allow the payment of any amount of the restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments").

2

sentencing,[4] but she offers no evidence to back up her contentions. That alone precludes modification. *Id.* (no evidence of changed conditions precludes relief under § 3664(k)); *see also United States v. Dale*, 2015 WL 4939950 at * 1 (11th Cir. Aug. 20, 2015) (modification denial affirmed where defendant failed to produce anything to show "a *bona fide* change" in her financial condition); *United States v. Keys*, 138 F. App'x 251, 252 (11th Cir. 2005) (same).

Even if that were not the case, nothing in the record reflects that Steptoe's victims received notice of her changed economic condition from the Attorney General.[5] Certainly the Court does not have before it the Attorney General's certification to that effect. Since that certification is a condition precedent to modifying a restitution order, *see* § 3664(k) ("The Attorney General *shall* certify to the court that the victim . . . ha[s] been notified of the change in circumstances. Upon receipt of the notification, the court" may modify a restitution payment schedule) (emphasis added), Steptoe's motion (doc. 323) must be **DENIED** for

---

[4] She states that at that time, she had a home, vehicle, and job, none of which she now possesses. Doc. 323 at 2.

[5] The record similarly lacks any indication that Steptoe gave the required notice of changed conditions to the Attorney General. *See* § 3664(k). Regardless, the Court assumes for present purposes that Steptoe's motion itself satisfied that particular notice requirement. *See Cani*, 331 F.3d at 1215 n. 4 (making the same assumption in order to address the merits (or lack thereof) of defendant's modification motion).

3

that reason too.

SO ORDERED, this 17 day of November, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA